### *In re* HOMES' WILL.

(*Surrogate's Court, Kings County.* July, 1890.)

WILLS—MUTILATION—EVIDENCE.

The paper offered for probate was found among the private papers of decedent. It then showed that the bottom of the first page had been cut off. The cutting was ragged and uneven, and there was no concealment of the fact that something had been written on the following line. The paper was so folded that the subscribing witnesses could not say that it had been mutilated since its execution. The first page ended with a perfect sentence, and the second page began with one. *Held*, that the cutting was done before the will was executed.

Proceedings for the probate of the will of George Homes, deceased.

*Arthur Murphy* and *M. E. Halpin*, for proponent. *Croak & Barnard*, for contestants.

ABBOTT, S.   Upon all the evidence in this proceeding, I do not think the proposition tenable that there is a presumption that the instrument offered for probate was mutilated after execution.   No proof has been offered which would warrant any such presumption.   The paper was folded in such a manner that neither of the subscribing witnesses can swear that the paper presented for probate has been mutilated or changed in any way since its execution.   The will was found among the private papers of the deceased, and does not appear to have been disturbed by any one until found by the executor a day or two after the testator's death, and, when discovered, was in form as presented for probate.   I think the testator, finding he had made a mistake in writing the will, cut off the bottom of the first page himself before execution, and I am the more convinced of this from the appearance of the document itself.   The cutting is ragged and uneven, and no concealment of the fact is attempted that there had been something written on the following line, which, if it had been cut with fraudulent intent, would hardly have been the case.   The first page ends with a perfect sentence, and the next page begins with one, which could hardly happen if the mutilation had taken place subsequent to the execution.   "Where an interlineation fair upon the face of an instrument is entirely unexplained, we do not understand that there is any presumption that it was fraudulently made after the execution of the instrument."   *Crossman* v. *Crossman*, 95 N. Y. 152.   It is conceded that the paper, as it stands, disposes of all the real estate of which the testator died possessed.   Let decree enter admitting the will presented to probate.